IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Gabriel Fettig, Howard Fettig, Charles Fettig,<br><br>Plaintiffs,<br><br>v.<br><br>Mark N. Fox, Ryan Waters, Bartlett & West, MHA Nations federally chartered Section 17 Corporation, Fort Berthold Rural Water, Randy Phelan,<br><br>Defendants. | **COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**<br><br>Civil No. *1:19-CV-096* |

## INTRODUCTION

Plaintiffs are enrolled members of the Three Affiliated Tribes that possess ownership interests in individually owned lands (specifically Allotments 1111A and 1110A) held in trust by the Bureau of Indian Affairs, US Department of Interior that contain pipeline under the direction of Defendants and operated by a Tribal Section 17 Corporation that, under its charter has consented to sue and be sued in any court of competent jurisdiction.   Said pipeline are within the exterior boundaries of the Fort Berthold Indian Reservation. Plaintiffs allege Defendants have installed and knowingly and willfully operated a pipeline across their lands in direct violation of Plaintiffs' requests to have the pipeline removed.   Plaintiffs have not received any compensation for the wrongful installation and operation of said pipeline through their lands.

1

## PARTIES

1.      Plaintiffs Gabriel Fettig, Howard Fettig and Charles Fettig (hereinafter "Plaintiffs") are enrolled members of the Three Affiliated Tribes owning allotted trust land trust allotments No. 301 1110A and No. 301 1111A, held in trust by the United States government and located within the exterior boundaries of the Fort Berthold Indian Reservation,   New Town, North Dakota.

2.      Defendant MHA Nation's federally chartered Section 17 Corporation is an entity created under the Act of June 18, 1934 and approved by the Secretary of the Interior on June 29, 1936. (Ex. 1)

3.      The Fort Berthold Rural Water ("FBRW") is an entity of the Three Affiliated Tribes and sells water from Lake Sakakawea to MHA Nation's federally chartered Section 17 Corporation. FBRW's business address of MHA TERO/Energy Complex - 3rd Floor, 308 4 Bears Complex, New Town, ND 58763.

4.      Mark N. Fox is the Tribal Chairman of the Three Affiliated Tribes, Fort Berthold Indian Reservation whose authority is limited by the Constitution and By-Laws of the Three Affiliated Tribes and the Three Affiliated Tribes Section 17 Federal Corporate Charter.

5.      Defendant Ryan Waters is an agent, manager, employee of Bartlett & West, Inc., a Kansas corporation doing business in North Dakota on the Fort Berthold Indian Reservation.   Plaintiffs allege Defendant Waters has an ownership interest in and manages said water lines for all of the Defendants.

2

6.  Randy Phelan is the Tribal Vice-Chairman of the Three Affiliated Tribes, Fort Berthold Indian Reservation whose authority is limited by the Constitution and By-Laws of the Three Affiliated Tribes and the Three Affiliated Tribes Section 17 Federal Corporate Charter.  As the duly elected council representative of West Segment, it is Plaintiffs' assertion that West Segment receives a significant portion of water revenues related to this action.

## JURISDICTION

7.  This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the action involves the trespass to Indian lands pursuant to 25 U.S.C. § 345 and more specifically to allotted lands held in trust by the United States for individual Plaintiffs.

8.  A case of actual controversy exists between the parties as hereinafter alleged warranting this Court's declaration pursuant to 28 U.S.C. §2201 and 28 U.S.C. § 2202.

9.  The Court has pendant and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367.

10.  Venue in this district is proper under 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, the property that is the subject of the action is situated in this judicial district, and, upon information and belief, all Plaintiffs are residents of this state, and the Defendants conduct business within this state in which this district is located.

11.     By express written consent pursuant to the Corporate Charter of the Three Affiliated Tribes of the Fort Berthold Reservation, the Section 17 Corporation has consented to be sued in any court of competent jurisdiction.

## FACTS COMMON TO ALL COUNTS

12.     On or about December 19, 2012 , Plaintiffs received a letter from the MHA Nation Easement Program Director, H. Texx Lone Bear (Ex. 2) inviting the Plaintiffs to sign consent forms to grant a right of way and to survey their lands (allotments 1111A and 1110A).   No compensation was offered.

13.     On or about February 14, 2013, MHA Nation passed Resolution No. 13-026-VJB authorizing Fort Berthold Rural Water and the Section 17 Corporation to Proceed with the Mandaree Raw Water Supply Project.   (Ex. 3).

14.     On or about July 31, 2013 Plaintiffs again received a letter from the MHA Nation Easement Program Director, H. Texx Lone Bear (Ex. 4).   The letter was similar to the previous letter (Ex. 2) that included consent forms to grant a right of way and to survey their lands (allotments 1111A and 1110A). This time, however, monetary compensation was offered in the sum of $1500/acre.

15.     On or about November 21, 2013, Plaintiff Gabriel Fettig submitted the consents *conditioned on negotiated terms* (Exs. 5, 6 and 7).

16.     Without complying with the Plaintiffs conditions and without compensation paid to Plaintiffs, Defendants began to install a pipeline across Plaintiffs lands without meeting the conditions mandated by Plaintiffs.   (Id.).

17.     Defendants installed an underground 12-inch water pipeline on the surface across Plaintiffs trust property in violation of 25 U.S.C. Sec. 323 et. seq.

4

18.     Federal law controls the right-of-way process on Indian lands and includes United States Code Title 25 and Part 169 of Title 25 of the Code of Federal Regulations. Strict compliance is required with federal law.

19.     The BIA never approved the right of way over Plaintiffs' lands.    In order to receive an easement, Defendants are required to "notify all individual Indian landowners and … obtain written consent from the owners of the majority interest in each tract affected by the grant of right-of-way" pursuant to 25 CFR § 169.107(b).    This was not done.

20.     In order to operate a pipeline across Plaintiffs' lands, an easement is required pursuant to 25 U.S.C. § 323, 25 U.S.C. § 324, and 25 CFR § 169.107.    Defendants have failed to secure an easement from the Plaintiffs or the BIA for the pipeline at issue in this action.

21.     On or about July 28, 2017, February 22, 2018 and Feb. 26, 2019 Plaintiffs requested the BIA to issue a Cease and Desist Order and to hold Defendants or any involved partners in trespass.   (Ex. 8).    A separate letter requesting a cease and desist was submitted by Plaintiffs to the BIA on August 7, 2017 and February 26, 2019.    (Ex. 9).

22.     On or about September 11, 2017, the BIA issued to Defendant Ryan Waters a 10-Day Show-Cause Notice in regard to the alleged trespass.    (Ex. 10).

23.     Nowhere in the Tribe's Constitution and By-Laws and nowhere in the Section 17 Federal Corporate Charter of the Three Affiliated Tribes are Defendants empowered to trespass upon Plaintiffs trust property, convert Plaintiffs trust property for Defendants own use and place funds derived from the conversion in a bank account controlled by Defendants for Defendant's own use.

24.     Defendants continue to utilize the pipeline making a significant profit, without payment to Plaintiffs.

## COUNT ONE - TRESPASS

25.     Plaintiffs re-allege the above paragraphs.

26.     Defendants knowingly and willfully utilized Plaintiffs' property without a valid easement or consent and in violation of law.

27.     Defendants are conducting business without consent or authorization of Plaintiffs and without approval of the BIA.

28.     Defendants' actions and/or omissions constitute trespass.

29.     Plaintiffs are damaged by Defendants' actions and/or omissions and entitled to compensatory damages, an accounting of profits, a share of the profits made by Defendants for their illegal use of the property, and punitive damages.

## COUNT TWO – UNJUST ENRICHMENT

30.     Plaintiffs re-allege the above paragraphs.

31.     Defendants have operated for years without authorization or approval of its pipeline that crosses Plaintiffs' lands.

32.     The benefit received by Defendants operates to the detriment and impoverishment of Plaintiffs.

33.     Defendants are enriched by its profitable business enterprises and receipt of substantial and enormous revenue for said pipeline unjustly, without payment to the Plaintiffs.

34.     Plaintiffs were impoverished as a result of Defendants' use of Plaintiffs' property without compensation. There is no justification for Defendants' enrichment.

35.     The retention of benefits received by Defendants, without compensation to Plaintiffs is inequitable and a detriment to Plaintiffs.

36.     Defendants' actions and omissions constitute unjust enrichment.

37.    Plaintiffs are damaged by Defendants' actions and/or omissions and entitled to compensatory damages, an accounting of profits, a share of the profits made by Defendants for their illegal use of the property, and punitive damages.

## COUNT THREE – ACCOUNTING

38.    Plaintiffs re-allege the above paragraphs.

39.    Defendants must account to Plaintiffs the revenues received through said pipeline, together with interest at the rate of eighteen percent (18%) per annum, court costs, and reasonable attorney's fees.   Defendants' actions and omissions constitute deliveries and sales of water transported through said pipeline.   Plaintiffs are entitled to an order compelling the Defendants to make a complete accounting to Plaintiffs for all sales of water.

40.    Defendants' failure to pay individual Plaintiffs constitutes wrongfully converted use of lands to its own use.   Under N.D.C.C. § 32-03-23, Defendants are liable, at the option of the Plaintiffs, for the highest market value of the converted lands at any time between the conversion and the verdict in this case, together with fair compensation for the time and money Plaintiffs reasonably expend in pursuit of their property.

41.    Defendants' actions and omissions warrant an accounting.

## COUNT FOUR - CONVERSION

42.    Plaintiffs re-allege the above paragraphs.

43.    Defendants converted Plaintiffs' property by utilizing the property without permission or compensation, representing that Plaintiffs' property has little to no pecuniary value, and claiming compliance with federal law.

44.     Defendants have deprived Plaintiffs of their property by preventing or withholding the complete use and enjoyment of the property and appropriating the economic value of the use and benefit of Plaintiffs' property.

45.     Defendants' actions and/or omissions have prevented Plaintiffs from making the highest and best use of their property.

46.     Defendants' use of Plaintiffs' property without compensation or   permission is a wrongful exertion of dominion over Plaintiffs' property.

47.     Defendants' use of Plaintiff's property without compensation or permission is inconsistent with and in defiance of the rights of the Plaintiffs to determine how their property is to be utilized.

48.     Defendants' use of Plaintiff's property without compensation or permission is a wrongful taking and constitutes conversion.

49.     Defendants' actions and/or omissions amount to a taking of Plaintiffs' lands. Under N.D.C.C. § 32-03-23, Defendants are liable, at the option of the Plaintiffs, for the highest market value of the lands at any time between the conversion and the verdict in this case, together with fair compensation for the time and money Plaintiffs reasonably expend in pursuit of their property.

## COUNT FIVE – WRONGFUL AND WILLFUL OCCUPATION OF PROPERTY

50.     Plaintiffs re-allege the above paragraphs.

51.     Defendants have forcibly excluded Plaintiffs from the unrestricted use and enjoyment of their property for the pipeline at issue in this case.

52.     Defendants' actions or omissions amount to wrongful occupation of property pursuant to N.D.C.C. § 32-03-21 and N.D.C.C. § 32-03-22. Defendants are liable for the value of

the use of the property during occupation and "three times the sum as would compensate for the detriment caused" to Plaintiffs pursuant to N.D.C.C. § 32-03-29.

## COUNT SIX – VIOLATION OF FEDERAL LAW

53.     Plaintiffs re-allege the above paragraphs.

54.     Upon information or belief, Defendants' actions and/or omissions in construction or maintenance of the pipeline, as the hose is exposed on Plaintiffs' property.   Defendants have failed to maintain the pipeline at issue in this case in a professional manner consistent with industry standards as required by 25 CFR§ 169.25(5)(i), (vii).

## COUNT SEVEN – CONSTRUCTIVE TRUST

55.     Plaintiffs re-allege the above paragraphs.

56.     Upon information and belief, Defendants failed to include payment of a bond, insurance, or other method of security for the highest annual rental and other estimated damages pursuant to 25 CFR § 169.103.

57.     Defendants' unjust enrichment and confidential relationship compels the imposition of a constructive trust to prevent further unjust enrichment of Defendants by their wrongful interference with Plaintiffs' possession of property.

## COUNT EIGHT – ACTUAL FRAUD, CONSTRUCTIVE FRAUD, AND DECEIT

58.     Plaintiffs re-allege the above paragraphs.

59.     Defendants committed actual fraud by and through the heavy hand of government power relating to the use of Plaintiffs' property.

60.     Defendants were aware that the pipeline at issue in this case did not have a valid easement or right-of-way and that they were trespass on Plaintiffs' property. Defendants had a duty to deal fairly with Plaintiffs and compensate them for use of their property.

61.     Defendants knowingly, intentionally, and willfully utilized Plaintiffs' property without permission or authorization to create a significant financial windfall.

62.     Defendants made knowingly false statements to Plaintiffs to mislead, delay, or prevent Plaintiffs from knowing their rights under federal law and to pay Plaintiffs an amount significantly less than fair market value for use of the property.   Defendants' statements were intentionally false and Defendants knew or should have known of the falsity of such statements.

63.     By breaching the duty to disclose any facts relating to the process for an easement or payment of compensation for trespass, Defendants misled Plaintiffs, to Plaintiffs' prejudice and Defendants gained an advantage thereby in not paying for use of Plaintiffs' property.

64.     Regardless of actual fraudulent intent on the part of Defendants, Defendants misled Plaintiffs regarding the process for an easement or payment of compensation for trespass.

65.     Defendants used "harassment, threat, intimidation, misrepresentation, fraud, or other unfair tactics", in violation of N.D.C.C. § 49-22-16.1, to acquire easements and to induce Plaintiffs to provide easements.   Any easements acquired by Defendants through the means of harassment, threat, intimidation, misrepresentation, fraud, or other unfair tactics, are void and those Plaintiffs are entitled to treble damages.

66.     Defendants suggested facts that were untrue, or Defendants did not believe to be true; asserted facts that had no reasonable ground in truth; suppressed facts when duty bound to disclose said facts; gave information which were likely to mislead; and made promises without any intention of performing. These acts are deceit and in violation of N.D.C.C. § 9-10-02. Defendants' willful deception in inducing Plaintiffs to enter into easements makes them liable pursuant to N.D.C.C. § 9-10-03.

67.     Plaintiffs are damaged by Defendants' fraudulent actions and/or omissions and entitled to compensatory damages and punitive damages.

## COUNT NINE – BREACH OF CONTRACT

68.     Plaintiffs re-allege the above paragraphs.

69.     Defendants' Grant of Easement for Right-of-Way executed for 1110A and 1111A are rescinded.   Defendants failed to enter into an easement agreement.   Further, Defendants have a duty to restore the land to its original condition as required by 25 CFR § 169.25(c)(5)(ix). Defendants have failed to do so.

70.     Defendants' actions and/or omissions are a breach of its Agreement to restore the property.

71.     Plaintiffs are damaged by Defendants' actions and are entitled to compensatory damages.

## COUNT TEN – DECLARATORY RELIEF

72.     Plaintiffs re-allege the above paragraphs.

73.     Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. §2201 and 28 U.S.C. § 2202.

74.     Plaintiffs are entitled to a judgment declaring that Defendants are trespassing upon Plaintiffs' property and they must immediately vacate Plaintiffs' property and restore it to its original condition.

## COUNT ELEVEN-INJUNCTIVE RELIEF

75.     Plaintiffs re-allege the above paragraphs.

76.     Preliminary and permanent injunctive relief is necessary to prevent Defendants further unlawful interference with Plaintiffs' rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. An accounting;

2. For adequate and full compensation for the years of trespass committed by Defendants, in an amount to be established at trial;

3. Conversion damages;

4. For the immediate removal of said pipeline that runs through Plaintiffs' individual allotments;

5. For an immediate cease and desist of the operation of said pipeline that runs through Plaintiffs' individual allotments;

6. For the claw back of any and all funds Defendants have received via the use of said pipeline that runs through Plaintiffs' individual allotments;

7. That the Court order that Defendants pay not less than $7,000,000.00 to be placed into a Constructive Trust for the benefit of the Plaintiffs .

8. An order granting Plaintiffs damages in an amount to be proven at trial, plus pre-judgment and post-judgment interest on its damages, as allowed by law.

9. Costs and attorney's fees as authorized by statute; and

10. Any other relief that may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by a jury of nine for all issues so triable.

Dated this ___ day of June, 2019.

PRINGLE & HERIGSTAD, P.C.

By_____
Reed Soderstrom, #04759
Attorneys for Plaintiffs
2525 Elk Drive, P.O. Box 1000
Minot, ND 58702-1000
(701) 852-0381
rsoderstrom@pringlend.com

12